UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Alfredo Guerra Delgado, Belinda Blanch Berrios individually and in representation of the conjugal partnership constituted between them**<br>**Plaintiffs**<br><br>V.<br><br>**Popular Inc., Banco Popular Puerto Rico, Banco Popular North America Inc., Plan de Retiro de Banco Popular, Comité Admistrativo de Beneficios de Popular Inc.,Insurance Company XYZ, John Doe and Jane Doe.**<br>**Defendants** | Civil No.<br><br><br><br>Action under the Employee Retirement Income Insurance Security Act of 1974; Federal Common law; and Articles on contracts under the Puerto Rico Civil Code.<br><br><br>**TRIAL BY JURY REQUESTED** |

## COMPLAINT

NOW COME the plaintiffs, through their undersigned attorney, and before this Honorable Court, very respectfully ALLEGE and PRAY as follow:

### I.   NATURE OF THE ACTION

This is an action seeking declaratory and injunctive relief to redress plaintiffs for loses in benefits caused by Defendants' willful, deliberate and illegal contractual actions and omissions, and for all economic and non-economic losses resulting there from, arising under:

1. Section 503(a) of the Employee Retirement Income Insurance Security Act of 1974;

2. Federal common law doctrines of promissory and equitable estoppel; and

3. The laws of the Commonwealth of Puerto Rico, in particular:

Articles 1044 and 1051 of the Puerto Rico Civil Code, 31 L.P.R.A. §2994 and § 3015.

## II.   JURISDICTION AND VENUE

4.   The jurisdiction of this Honorable Court to entertain this action emanates from 28 U.S.C. § 1331 § 1343, and 29 U.S.C. §1132 (a)(3). The Honorable Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.   All of the alleged unlawful and/or breach of contract acts occurred within the District of Puerto Rico. Thus, pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of Puerto Rico.

## III.   THE PARTIES

**A.   PLANITIFFS**

6.   Plaintiff **Alfredo Guerra Delgado** is of legal age, married to Belinda Blanch Berrios, and resident of Manati, Puerto Rico.

7.   Plaintiff **Belinda Blanche Berrios** is of legal age, married to Alfredo Guerra Delgado, employed, and resident of Manati, Puerto Rico.

**B.   DEFENDANTS:**

8.   **Popular Inc.** is the parent corporation of Banco Popular Puerto Rico, and Banco Popular North America.

9.   **Banco Popular Puerto Rico** and **Banco Popular North America Inc.,** are subsidiaries of Popular Inc., with banking operations in Puerto Rico, and the state of New York authorized to conduct business in their respective jurisdictions.

10.   **Plan de Retiro de Banco Popular** is a employee benefits plan administered by Popular Inc., Banco Popular Puerto Rico, Banco Popular North America Inc.Inc.and Comité Administrativo de Beneficios de Popular Inc.

11.   **Comité Administrativo de Beneficios de Popular Inc.** is the plan administrator of Plan de Retiro de Banco Popular.

12.   **Co-defendant Insurance Company XYZ** had, at the time of the facts that give rise to this Complaint, a policy issued in favor of any or all of the co-defendants, which covers the acts alleged therein.

13. **Co-defendant John Doe and Jane Doe**, are third parties, whose identities are unknown, whom could be liable, directly or indirectly, individual or jointly, to the plaintiffs for the benefits and damages herein claimed, including but not limited to, trustees, administrators, or agents of the Plan de Retiro de Banco Popular.

## IV.   FACTUAL ALLEGATIONS

14. On December 1, 2008, co-plaintiff Alfredo Guerra Delgado notified Popular Inc, Banco Popular Puerto Rico , Banco Popular North America Inc., and Plan de Retiro de Banco Popular (hereinafter, Popular Group) of his decision to receive benefits from the Popular Group.

15. Alfredo Guerra Delgado relied on the fact that he had received several written certifications from Popular Group confirming his years of service for eligibility and years of service for credit under the Plan de Retiro de Banco Popular such that by December 1, 2008 Alfredo Guerra Delgado had 28.83 of years of service for eligibility and 27.83 years of service for credit.

16. Nonetheless, in a letter dated March 19, 2009 Popular Group in response to his decision to retire notified Alfredo Guerra Delgado that he only had seven (7) years of service for credit which made him eligible for a monthly benefit payment of $570.87

17. Popular Group also informed Alfredo Guerra Delgado that he would receive $18,137.0 in back pay because in 2005 he had been erroneously excluded from a pay rise made applicable to employees with less than ten (10) years of service for eligibility. In this same letter he was told that he could request a reconsideration of the above determination to the Comité Administrativo de Beneficios de Popular Inc.

18. In a letter dated May 13, 2009, Mr. Alfredo Guerra Delgado presented reconsideration through his attorney Mr. José A. Rios of the Popular Group's erroneous determination on his years of service for eligibility and years of service for credit and

consequently the amount set as monthly compensation. He sustained and still sustains that his years of eligibility are 25.83 and 24.83 years of credit

19. In a letter dated July 29, 2009 the Comité Administrativo de Beneficios de Popular Inc. reiterated its calculation of monthly benefits at $570. 87. The bank sustained that Mr. Guerra only worked for Popular Group from April 29, 1997 to December 31, 1998 in the New York region and from January 18, 2000 to December 31, 2005 for Banco Popular Puerto Rico, a total of seven years according to Popular Group. It also confirmed the offer to pay $18, 137.90 in back pay and advised Mr. Guerra of his rights to present a civil action under section 502(c) of the Employee Retirement Income Security Act of 1974, as amended.

20. Mr. Guerra accepted employment with Banco Popular, NewYork region because as part of his compensation package his years of employment with Banco de Ponce from February 1, 1980 to December 31, 1998 would be part of his eligibility and credit years under the Plan de Retiro Banco Popular. Popular Group consistently confirmed this condition of employment throughout his years with Popular Group in its yearly report on compensation to Mr. Guerra. Until, he decided to retire upon which time it recalculated his years of service and credit by excluding the terms of his employment contract pertaining to his years with Banco de Ponce.

21. The correct compensation owed Mr. Guerra and his wife Belenda Blanche Berrios is $2,397.70 monthly pay to Mr. Guerra, and survival spouse monthly benefit of $1,798.28. As of June 1, 2011 the total compensation owed Mr. Guerra is $69,533.30

FIRST CAUSE OF ACTION

22. The facts alleged from paragraphs 1to 21 are incorporated herein and made a part hereof.

23. Plaintiffs allege that the defendants exercise discretionary authority or control respecting the management of the Plan de Retiro Banco Popular and the disposition of its assets, and/or have discretionary authority or responsibility in the administration of the Plan.

24. Plaintiffs further allege that defendants are fiduciaries and that they were acting in a

fiduciary capacity when they represented to him that his years of service for eligibility and years of service for credit under the Plan de Retiro de Banco Popular were such that by December 1, 2008 Alfredo Guerra Delgado had 28.83 of years of service for eligibility and 27.83 years of service for credit.

25. Defendants are individually and jointly liable to plaintiffs for the benefits due to them under the Plan de Retiro de Banco Popular calculated at $2,397.70 monthly pay to Mr. Guerra, and survival spouse monthly benefit of $1,798.28. As of June 1, 2011 the total compensation owed Mr. Guerra is $69,533.30 plus the monthly payments due until the death of plaintiffs.

## SECOND CAUSE OF ACTION

26. The facts alleged from paragraphs 1to 21 are incorporated herein and made a part hereof.

27. Plaintiffs allege that Popular Group promised plaintiff Mr. Alfredo Guerra Delgado that he would receive monthly benefits for retirement by including his years of service from February 1, 1980 to 1998 as years of credit under the Plan de Retiro Banco Popular.

28. Defendants reasonably should have expected that this promise would induce him to accept employment with Banco Poplar North America and also make his retirement choice on that basis, and that he did in fact choose this option.

29. Popular Group are individually and jointly liable to plaintiffs for the benefits due to them under the Plan de Retiro de Banco Popular calculated at $2,397.70 monthly pay to Mr. Guerra, and survival spouse monthly benefit of $1,798.28. As of June 1, 2011 the total compensation owed Mr. Guerra is $69,533.30 plus the monthly payments due until the death of plaintiffs.

## THIRD CAUSE OF ACTION

30.  The facts alleged from paragraphs 1to 21 are incorporated herein and made a part hereof.

31.  Plaintiff alleges that the representations made by Popular Group that his years of service from February 1, 1980 to 1998 would be included as years of credit under the Plan de Retiro Banco Popular such that his monthly benefits would be $2,397.70 were material.

32. Plaintiff reasonably believed that Popular Group intended for plaintiff to act on their representations, that plaintiff was unaware that he was only entitled to lesser years of credit and monthly amounts, and that plaintiff detrimentally and justifiably relied on the representations made by defendants.

33. Popular Group are individually and jointly liable to plaintiffs for the benefits due to them under the Plan de Retiro de Banco Popular calculated at $2,397.70 monthly pay to Mr. Guerra, and survival spouse monthly benefit of $1,798.28. As of June 1, 2011 the total compensation owed Mr. Guerra is $69,533.30 plus the monthly payments due until the death of plaintiffs.

## FOURTH CAUSE OF ACTION

34. The facts alleged from paragraphs 1to 21 are incorporated herein and made a part hereof.

35. It is alleged that Mr. Alfredo Guerra Delgado sent a formal claim for benefits to the Plan administrator, that his request for benefits in the amount of $2,397.70 was denied by the Committee, and that his appeal of that decision was denied by the Appeals Committee.

36. Plan de Retiro Banco Popular and Comité de Benficios de Popular Inc. are bound by the terms of his employment contract which included as a condition the inclusion of the period

from February 1, 1980 to December 31, 1998 as years of credit under the Plan de Retiro Banco Popular such that his monthly benefits would be $2,397.70.

37. Plan de Retiro Banco Popular and Comité de beneficios de Popular Inc. are liable to plaintiffs for the benefits correctly owed to them calculated at $2,397.70 monthly pay to Mr. Guerra, and survival spouse monthly benefit of $1,798.28. As of June 1, 2011 the total compensation owed Mr. Guerra is $69,533.30 plus the monthly payments due until the death of plaintiffs.

WHEREFORE, it is respectfully requested that the complaint be granted and equitable, declaratory and injunctive relief be entered against defendants individually and jointly as liable to plaintiffs for past benefits due to them and prospective benefits, and for cost, expenses, and reasonable attorneys' fees.

In San Juan, Puerto Rico this 1st day of June, 2011.

**/S/William Santiago Sastre**
**USDC-PR-201106**
**PO BOX 1801**
**Sabana Seca, Puerto Rico – 00952-1801**
**Tel. 448-7032**
**E-Mail: wsantiagosastre@gmail.com**