UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALFREDO GUERRA-DELGADO,
BELINDA BLANCH-BERRIOS,

    Plaintiffs,

    v.

POPULAR, INC., et al.,

    Defendants.

Civil No. 11-1535 (JAF)

## **OPINION AND ORDER**

Before the court is a request for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, filed by Plaintiffs, Alfredo Guerra-Delgado ("Guerra") and Belinda Blanch-Berríos.[1] (Docket No. 103.) Defendants oppose. (Docket No. 105.) For the following reasons, we deny Plaintiffs' request for relief.

**I.**

**Factual Background**

On June 8, 2011, Plaintiffs filed suit against Defendants Popular, Inc., Banco Popular de Puerto Rico ("BPPR"), Banco Popular North America, Inc., Plan de Retiro de Banco Popular, and Comité Administrativo de Beneficios de Popular, Inc. (Docket No. 2.) Plaintiffs sought relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1) et seq.; under the federal common-law

---

[1] Co-plaintiff Belinda Blanch-Berríos is Guerra's wife and the purported survivor spouse beneficiary for his retirement benefits. (Docket No. 1 at 2, 7).

Case 3:11-cv-01535-JAF   Document 109   Filed 09/19/13   Page 2 of 5

Civil No. 11-1535 (JAF)                                                                                          -2-

doctrine of equitable estoppel; and under Commonwealth law. (Docket No. 2.) By the time of our summary judgment order, Plaintiffs were only pursuing claims for equitable estoppel. (Docket No. 71-1.) In our July 5, 2013 order, we held that it was unreasonable for Guerra to rely on any assurances that contradicted the clear terms of the benefits plan, so there was no valid claim for equitable estoppel. We, therefore, granted Defendants' motion for summary judgment and dismissed the case. (Docket No. 100 at 3.)

We describe the factual history at length in our previous order, but briefly recount it here. (See Docket No. 100.) From 1980 to 1988, Guerra was employed at Banco de Ponce. (Docket No. 64 at 1.) After Guerra had already resigned, in 1990, Banco de Ponce merged with BPPR. (Id.) In 1997, Guerra began working for the New York office of BPPR. (Id. at 2-3.) He claims he was told that eighteen years of previous employment would be counted toward his pension benefits at BPPR. (Docket No. 1 at 4.) The BPPR recruiter denied making such representations. (Docket No. 64 at 4; 64-7.)

In December 1999, Guerra began work at the Puerto Rico office of BPPR. (Docket No. 64 at 5-6.) In June 2000, he received a letter from BPPR's Benefits Department that stated "[h]aving been an employee of Banco Popular North America from February 1, 1980 until December 31, 1998, those years of service will be considered as years of credit for purposes of the Banco Popular Pension Plan." (Docket No. 74-1.) Guerra did not claim to contact the Benefits Department for clarification, although he had not been a Banco Popular employee during the majority of the period. From 2000 to 2007, BPPR sent Guerra annual written estimates of his future pension benefits. (Docket

Nos. 64 at 7; 74 at 7.)  These reports contain a disclaimer under the heading "Important Information," which states that:

> Although we have taken the measures to assure the accuracy of the information, the possibility of error always exists.  The availability and the amounts that your benefits amount to will always be governed by the legal documents and official policies of each plan.  <u>This report is not a legal document</u>.
>
> This report does not represent an employment agreement nor a commitment of eligibility for future benefits….

(Docket No. 64-8) (emphasis in original).

After Guerra gave notice of his intent to retire, BPPR's Retirement Plan Unit analyzed his entitlement and saw that his records erroneously stated that he had been an employee of BPPR and/or BPNA since 1980.  (Docket No. 74 at 10.)  Guerra retired in or near February 2009.  (<u>See</u> Docket No. 74 at 10-11.)  Shortly thereafter, BPPR sent a letter which stated that Guerra had only seven years of credited service under the benefits plan and which offered to pay him an additional lump sum that it had previously offered to its employees with less than ten years of accrued benefits.  (Docket No. 74 at 11.)  In a May 2009 letter, Guerra requested reconsideration of this decision, but the Committee repeated the same calculation and benefits offer.  (Docket No. 74 at 11-12.)

On July 5, 2013, we granted the Defendants' motion for summary judgment and dismissed Plaintiffs' complaint with prejudice.  (Docket No. 100.)  On August 9, 2013, Plaintiffs filed the instant motion requesting relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  (Docket No 103.)  Plaintiffs do not point to particular subsections of the rule, but instead invoke the rule broadly.  Plaintiffs restate

their prior contentions, arguing that it was "reasonable" for Guerra to believe that he was given eighteen years of credit as part of an employment offer and that the employment benefits plan did not unambiguously prohibit such a credit. (Docket No. 103 at 3.) Plaintiffs argue that summary judgment was "inappropriate" and state that "Plaintiff will prove his right to receive the vested benefits at trial through his testimony." (Id.)

## II.

## Analysis

Federal Rule of Civil Procedure 60 provides relief from a judgment or order in certain limited, enumerated instances. However, "[s]uccess under that rule requires more than merely casting doubt on the correctness of the underlying judgment." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009). Under a Rule 60(b) motion, the movant seeks relief that is "extraordinary in nature" and which the court should grant "sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). The party seeking relief from a final judgment under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id.

Because Plaintiffs simply restate arguments that this court has already rejected, their Rule 60 motion does not provide any "exceptional circumstances" requiring "extraordinary relief." Fisher, 589 F.3d at 512.

### III.

### **Conclusion**

For the foregoing reasons, we hereby **DENY** Plaintiffs' Rule 60 motion. (Docket No. 103).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of September, 2013.

                                          S/José Antonio Fusté  
                                          JOSE ANTONIO FUSTE  
                                          U. S. DISTRICT JUDGE